**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHESTER O'QUINN, #K92939,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-CV01246-SMY |
| ) | |
| **C/O MENENDEZ, and** ) | |
| **LT. MAYER,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Chester O'Quinn, an inmate in the Illinois Department of Corrections currently incarcerated at Dixon Correctional Center, filed a lawsuit on September 16, 2019, *O'Quinn v. Vanderhove, et al.*, Case No. 3:19-cv-01010-MAB. Upon screening of the Second Amended Complaint in that case, a number of Plaintiff's claims were severed into separate actions ("Severance Order"). (Doc. 1). This case pertains to Count 6, which was described as follows:

> **Count 6:** An Eighth Amendment claim against C/O Menendez and Lt. Mayer for use of excessive force.

In the Severance Order, the Court found the allegations in the Second Amended Complaint were sufficient to proceed on the excessive force claim in Count 6 against Menendez and Mayer. (Doc. 1, pp. 16-17). After this case was opened, Plaintiff was given the opportunity to choose whether to proceed or dismiss the claim. (Doc. 5). Plaintiff has chosen to proceed. (Doc. 6).

Accordingly, the claim in **COUNT 6 WILL PROCEED** against **C/O MENENDEZ** and **LT. MAYER**. The Clerk of Court shall prepare for Mendendez and Mayer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the **SEVERANCE ORDER**

**(Doc. 1), COMPLAINT (DOC. 2),** and this **MEMORANDUM AND ORDER** to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  December 2, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.